

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

SK:DEL
F. #2020R00211

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 17, 2020

<u>By ECF and Email</u>

Michelle Gelernt, Esq.
Federal Defenders of New York
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201

      Re:    <u>United States v. Jaquan Richardson</u>
               <u>Criminal Docket No. 20-101 (ENV)</u>

Dear Counsel:

      Enclosed please find the government's discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure. The government also requests reciprocal discovery from the defendant.

I.    <u>The Government's Discovery</u>

    A.    <u>Statements of the Defendant</u>

      Please find enclosed a statement of rights initialed by the defendant and dated February 18, 2020 (JQR000001). After initialing the statement, the defendant stated he wished to speak with a lawyer and agents from the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") ended the interview.

    B.    <u>The Defendant's Criminal History</u>

      Please find enclosed records pertaining to the defendant's criminal history (JQR000002–JQR000008).

      In addition, please find enclosed New York City Police Department ("NYPD") Domain Awareness System ("DAS") Snapshot reports identifying the defendant's prior arrests (JQR000009–JQR000013).

C. <u>Documents and Tangible Objects</u>

Please find enclosed:

- NYPD's Complaint detailing the arrest of the defendant on February 18, 2020 (JQR000014–JQR000015);

- NYPD's Property Clerk Invoices for the firearm, ammunition and DNA swabs taken from the firearm seized from the defendant on February 18, 2020 (JQR000016–JQR000019);

- ATF Property Clerk Invoice for an iPhone seized from the defendant on February 18, 2020 (JQR000020);

- Photographs of the firearm and ammunition seized from the defendant on February 18, 2020 (JQR000021–JQR000024); and

- Bench warrant issued for the defendant by Justice Thomas Farber of the New York Supreme Court signed on August 6, 2019 (JQR000025).

You may examine the physical evidence discoverable under Rule 16, including original documents, by calling me to arrange a mutually convenient time.

D. <u>Reports of Examinations and Tests</u>

Please find enclosed NYPD Police Laboratory Firearms Analysis Section reports regarding the firearm seized from the defendant on February 18, 2020 (JQR000026).

In addition, please find enclosed a preliminary report prepared by the Bureau of Alcohol, Tobacco, Firearms and Explosives finding that the firearm and ammunition seized from the defendant on February 18, 2020 were manufactured outside the state of New York (JQR000027–JQR000028).

The government will provide you with copies of any additional reports of examinations or tests in this case as they become available.

E. <u>Expert Witnesses</u>

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

At present, the government anticipates calling experts at trial to testify regarding: (1) the nature and value of the firearm recovered on February 18, 2020, and its place of manufacture; (2) any fingerprints identified on the firearm recovered on February 18, 2020, and any matches to the defendant's fingerprints (or lack thereof); and (3) any DNA

2

identified on the firearm recovered on February 18, 2020, and any matches to the defendant's DNA (or lack thereof).

The identity, qualifications, and bases for the conclusions of each expert will be provided to you when they become available.

F. Brady Material

The government is not aware of any exculpatory material regarding the defendant. The government understands and will comply with its continuing obligation to produce exculpatory material as defined by Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. See Giglio v. United States, 405 U.S. 150 (1972).

G. Other Crimes, Wrongs or Acts

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II. The Defendant's Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify. See Fed. R. Crim. P. 26.2. In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualifications of the witnesses.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

III.     Emails Sent and Received by Defendants Incarcerated at a Bureau of Prisons Facility

The government may request that the Bureau of Prisons ("BOP") produce to the government emails sent and received by the defendant during his period of incarceration at a BOP facility (collectively, "BOP email communications").  While it is the government's position that BOP email communications, including those between the defendant and his attorneys and other legal assistants and paralegals on their staff, are not privileged communications, in most instances, the government will request that the BOP exclude from any production communications between the defendant and his attorneys and other legal assistants and paralegals on their staff, if you provide the full email addresses for such attorneys, legal assistants and paralegals by April 16, 2020.  To enable this process, the government requests that you send an email to the undersigned Assistant U.S. Attorney with the list of email addresses in the body of the email.  If you subsequently wish to provide an email address for an additional attorney, legal assistant or paralegal or change any of the previously-provided email addresses, you should send an email with the complete list of email addresses, including email addresses that remain unchanged, in the body of the email.

IV.     Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office.  In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer,"

4

as those terms are used in <u>Lafler v. Cooper</u>, 132 S. Ct. 1376 (2012), and <u>Missouri v. Frye</u>, 132 S. Ct. 1399 (2012).

                                      Very truly yours,

                                      RICHARD P. DONOGHUE
                                      United States Attorney

                    By:    /s/ Devon Lash
                                      Devon Lash
                                      Assistant U.S. Attorney
                                      (718) 254-6014

Enclosures

cc:     Clerk of the Court (ENV) (by ECF) (without enclosures)